F. L. Buffington v. The State.

No. 12777.   Delivered November 20, 1929.
Rehearing denied January 1, 1930.

The opinion states the case.

*J. B. Forse* of Newton and *Tom C. Stephenson* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of equipment for the manufacture of intoxicating liquor; penalty, two years in the penitentiary.

All of appellant's bills of exception were filed too late for consideration and the record presents nothing for review except the alleged insufficiency of the evidence.

Searching officers in December, 1928, found a complete still in a secluded place surrounded by a thicket on premises owned by appellant and located a short distance from the house where he lived. A well beaten path led from appellant's house to the still. The still appeared to have been in operation for a considerable time, probably a year. A quantity of whiskey and mash was also found with the still.

For the appellant it was shown that he owned a ten acre and a forty acre tract of land adjacent to each other; that he lived on his ten acre tract and the forty acre tract had been leased in May, 1926, to one J. D. Ehlich for farming purposes, which lease was to run until December 31, 1928, with an option of three more years at the expiration of the lease. This lease contains no recital of any money consideration. It provides that thirty or forty acres, if possible, is to be cultivated and that the lease is for farming purposes. It provides further that any breach of the covenants entitled the appellant to repossess the entire tract. It was upon this forty acre tract that the still in question was found. Testifying concerning this matter, the appellant says:

"Can't tell you where Mr. Ehlich lives now . . . The last time I saw him was somewhere about November. He practically didn't do much of anything on that land until he made a clearing on it some eight months ago. That man Ehlich didn't cultivate any of that land last year nor the year before. No, he never did cultivate any of it."

Considering the record as a whole, we are not prepared to say that a conclusion of guilt was not justified from the facts, a brief summary of which is given above. The basis of appellant's defense was the lease in question. We think that the attending facts and circumstances connected with this lease were not of such a conclu-

sive nature as would compel the inference that lessee's possession was so exclusive as to rebut the inference of ownership and operation of the still by appellant.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant strongly urges in his motion that the testimony is insufficient. The charge was possession of equipment and a still. The testimony shows appellant the owner of fifty acres of land in two tracts, one of ten acres and the other of an adjoining forty acres. Appellant lived on the ten acre tract through which ran a highway. The officers who went to his place testified that just across the road from his house was a gate from which a well-beaten trail or path led across a field and through another gate into an enclosure embracing approximately a half acre which was filled by a thicket, through which ran a branch, and that said path led into said thicket and up to the bank of the branch, at which point they found a little shack or house in which was a complete still and a quantity of whisky. They testified that the path ended here,—that it did not extend beyond this house in any direction. This house was located at a point estimated at from two hundred to two hundred and fifty yards from the home occupied by appellant. There is nothing in the record to show that any other people lived anywhere in that vicinity. The only testimony offered to combat the conclusion of guilt arising from the facts above stated was that in 1925 appellant had made a written lease of the forty acre tract of land to a man named Ehlich who lived in Louisiana, the consideration of the lease being that Ehlich should remove all timber and cultivate thirty acres and if possible the forty acres in said tract of land. There was no agreement to pay rent otherwise. Appellant admitted that Ehlich had never cultivated any of the land; that something like eight months prior to the trial Ehlich cleared up some of the land. He admitted that he did not know where Ehlich lived; that he had never done anything to the land except make the little clearing referred to; further that appellant had sold timber off the land subsequent to the making of the lease.

We are not able to bring ourselves in agreement with appellant's contention. The testimony shows the little shack two hundred yards or more from appellant's house, on his land, apparently about a year old,—to be beyond doubt connected with appellant's home by a plainly beaten path which began at said still house and ended at appellant's house. This was enough to justify the jury's conclusion.

In connection with his motion appellant presents a showing which we think entitles him to have his bills of exception considered. The case is much in the same attitude as that of Lewis v. State, 1 S. W. (2d) 638, in which we considered the bills of exception.

Bills 1 and 2 complain of the overruling of the motion for new trial which was based chiefly on the proposition that the evidence was deemed insufficient. We do not agree to this contention but observe that such complaint on the part of one convicted needs no bill of exceptions as a predicate on appeal. We always consider and weigh the testimony, and if not deemed sufficient to furnish a basis for conclusion of guilt, we would not let the verdict stand regardless of whether the record contained any bill of exceptions or not.

Bills 3 and 4 complain of the overruling of the original application for continuance and a supplemental application. The diligence set forth is extremely doubtful, but if sufficient, the absent testimony seems not of such weight as to render the refusal to continue any injury to appellant. Ferguson,—named as the absent witness in the first application,—would only have sworn that in May, 1926, he witnessed a lease contract between appellant and Ehlich to the forty acre tract on which the still was found. Said lease was in evidence and was identified by the justice of the peace who prepared it, by Sam Ferguson who witnessed it, and by appellant, and the execution of same was in no way controverted by the State. By the two witnesses named in the supplemental application appellant expected to prove only facts showing that the still was found on the forty acre tract referred to. There seems no controversy of this fact.

Bill of exceptions No. 5 shows no error. Webb for the defense swore to the good reputation of appellant as a peaceable, law-abiding citizen. On cross-examination the State asked him if he had not heard of appellant having been arrested and taken before the Federal court at Beaumont, to which he assented, but the bill of exceptions fails to set out what reply, if any, he made when asked if

he knew what the charge was against appellant. The bill refers us to appellant's motion for new trial for details of the examination of this witness, but such practice is not in accord with the rules. It is required that a bill of exceptions be full and complete in itself. McGlasson v. State, 38 Texas Crim. Rep. 351; McKinney v. State, 41 Texas Crim. Rep. 436; Lucas v. State, 49 Texas Crim. Rep. 137.

Bill of exceptions No. 6 seems to set up objections to testimony to the effect that the officers had a search warrant and searched appellant's private residence on the same trip upon which they found the still on the forty acre tract of land referred to. We fail to perceive how such testimony could prejudice the rights of the appellant. The contents of the warrant and affidavit are not shown anywhere in the record, nor was there testimony that anything in the way of intoxicating liquor or equipment was found in appellant's residence, and testimony merely that the residence was searched would seem of no possible injury. If it was searched and nothing found in it, this fact would be favorable to appellant.

Bill of exceptions No. 7 complains of certain testimony of witness Smith. This court is unable to appraise the objection that same was in answer to leading questions,—no question being set out in the bill.

State witness Owens testified that the path from appellant's house to the little house in the thicket some two hundred yards away, was a foot-path, well worn, and that the little house appeared to be a temporary structure about a year old. This does not seem to us objectionable as a statement purely of an opinion. Manifestly the special charge, refusal of which is made the subject of complaint in bill of exceptions No. 9, was erroneous. The question upon which the guilt of appellant depended was his present possession of the equipment found,—and to have told the jury that if they believed it had been placed in the house by another, regardless of who had same in possession when found, they must acquit, would be erroneous.

The motion for rehearing will be overruled.

*Overruled.*

Hawkins, J., absent.